**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICROSOFT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Test4cert Limited d/b/a www.pass4sure.com; )<br>Freetech Services Ltd. d/b/a )<br>www.pass4sure.com; and )<br>JOHN DOES 1-10 d/b/a www.pass4sure.com )<br>Defendants. )<br>) | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br>July 28, 2008 |

## **COMPLAINT**

Plaintiff, Microsoft Corporation ("Microsoft"), by and through its undersigned attorneys, and for its Complaint for injunctive and other relief against Defendants, Test4cert Limited d/b/a www.pass4sure.com, Freetech Services Ltd. d/b/a www.pass4sure.com, and John Does 1-10 d/b/a www.pass4sure.com (collectively, "pass4sure" or "Defendants"), hereby states and alleges the following:

**Nature of Action**

1.      This action seeks recovery for violations of the Copyright Act, 17 U.S.C. § 101, et seq., and the Digital Millennium Copyright Act, 17 U.S.C. § 1201. All claims herein arise out of Defendants' unlawful copying and distribution of copyrighted material appearing on Microsoft's Certification Exams. Plaintiff seeks permanent injunctive relief to enjoin Defendants from their ongoing violations, and an Order that the offending domain name be impounded and/or transferred to Microsoft, as well as monetary damages.

**Parties, Jurisdiction and Venue**

2. Plaintiff Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington. Microsoft maintains offices in, among other places, Farmington, Connecticut.

3. Defendant Test4cert Limited ("Test4cert") purports to be located in a variety of locations, including Manchester within the United Kingdom. Test4cert further purports to be the operator of a certain website known as www.pass4sure.com. (*See Ex.* 1, attached hereto reproducing a true and accurate copy of a page from www.pass4sure.com representing same.)

4. Defendant Freetech Services Ltd. ("Freetech") purports to be located in Cardiff within the United Kingdom. Freetech has recently been identified as an operator of the website known as www.pass4sure.com. (*See Ex.* 2, attached hereto reproducing a true and accurate copy of a page from www.pass4sure.com representing same.) Upon information and belief, Test4cert and Freetech are related entities operating www.pass4sure.com in conjunction with each other.

5. Upon information and belief, www.pass4sure.com has been registered anonymously through "Whois Privacy Protection Services, Inc." Despite purporting to be a business entity and interacting with the public and consumers on a regular basis through their website, the Defendants have chosen to shield their actual contact information from the public by registering www.pass4sure.com in this manner. Even more tellingly, Defendants have misrepresented their actual identity even to the "Privacy Protection" company (officially, the "Registered Name Holder") behind which they are shielded.

      a) The Internet Corporation for Assigned Numbers and Names ("ICANN") – the governing body for domain name registration –

        requires that all accredited domain name registrars agree to the Registrar Accreditation Agreement ("RAA").

b)      Whois Privacy Protection Services, Inc. is the privacy protection arm of Enom, Inc., an accredited registrar. As such, it is bound by the RAA.

c)      The RAA provides that:

> Any Registered Name Holder that intends to license use of a domain name to a third party is nonetheless the Registered Name Holder of record and is responsible for providing its own full contact information and for providing and updating accurate technical and administrative contact information adequate to facilitate timely resolution of any problems that arise in connection with the Registered Name. A Registered Name Holder licensing use of a Registered Name according to this provision shall accept liability for harm caused by wrongful use of the Registered Name, unless it promptly discloses the identity of the licensee to a party providing the Registered Name Holder reasonable evidence of actionable harm.

RAA § 3.7.7.3.

d)      Pursuant to RAA § 3.7.7.3, Microsoft provided reasonable evidence of actionable harm to Whois Privacy Protection Services, Inc., and inquired as to whether that entity would be accepting liability for harm caused by the wrongful use of www.pass4sure.com, or whether it would be disclosing the identity of its licensee.

e)      Approximately 2 weeks later, Whois Privacy Protection Services, Inc. responded, providing to Microsoft the identity of the operator of www.pass4sure.com, as disclosed by Defendants:

> Organization: Lin Susan
> Name: NA
> Title/Role: Manager
> Country: USA
> Postal Address: Newyork
> City: Newyork
> US State/Province: Nebraska
> Postal/Zip Code: York 10025
> Email Address: njzhoung@gmail.com

3

        Phone Number: +01.213.494.9888

   f)   Obviously, this information is false and fraudulent on its face, including the claim that the registrant is located in "Newyork, Nebraska," at street address "Newyork," with a Los Angeles area code. In fact, in its correspondence to Microsoft, Whois Privacy Protection Services, Inc., acknowledged that such information was false on its face, and promised to obtain and provide accurate contact information.

   g)   Despite numerous subsequent inquiries from Microsoft, Whois Privacy Protection Services, Inc. never again responded and, upon information and belief, the contact information has never been corrected.

6.    Microsoft is unaware of the true names and capacities of Defendants sued herein as John Does 1-10, inclusive, and therefore sues these defendants by such fictitious names. In fact, as noted above, the Defendants have shrouded themselves in anonymity by registering the website through "Whois Privacy Protection Services, Inc." By registering the website in this manner, the Defendants have attempted to conceal their actual identities from the public and inhibit any parties they are injuring from fully addressing the Defendants' misconduct. Microsoft will amend this complaint to allege their true names and capacities when ascertained. Microsoft is informed and believes and therefore alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Microsoft's injuries as herein alleged were proximately caused by such Defendants.

7.    The actions alleged herein to have been undertaken by the Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each

defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefitted from those actions, in whole or in part.  Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other defendants.

8. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 17 U.S.C. § 501, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

9. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) & (d).  The infringing materials that are the subject of this litigation were offered for distribution in this District and the claims alleged in this action arose in this District.  Venue is also proper under 28 U.S.C. § 1400(a).

**General Allegations**

10. Microsoft is in the business of, among other things, certifying the competency of individuals engaged in various fields of the information technology industry (hereinafter, "Certification Programs").

11. The purpose of Microsoft's Certification Programs are: (1) to set an industry wide, worldwide recognized standard for basic competency levels in various fields of the information technology industry; (2) to maximize efficiency in recruiting, hiring, training, and promoting employees; (3) to help fill the needs of today's information technology workforce by providing individuals with skills in demand; and (4) to provide industry educators with the standards necessary to prepare individuals to meet the job skills of today.

12. In order to become certified under any of Microsoft's various Certification Programs, a candidate must pass the required Certification Exam(s).  Each Certification

Exam is an original work of authorship fixed in a tangible medium of expression by Microsoft.

13.   Microsoft's Certification Programs include, but are not limited to, the following: (1) Microsoft Certified Technology Specialist (MCTS); (2) Microsoft Certified IT Professional (MCITP); (3) Microsoft Certified Professional Developer (MCPD); (4) Microsoft Certified Architect (MCA) Program; (5) The Microsoft Certified Desktop Support Technician (MCDST); (6) Microsoft Certified Learning Consultant (MCLC); (7) Microsoft Certified Systems Administrator (MCSA); (8) Microsoft Certified Systems Engineer (MCSE); (9) Microsoft Certified Database Administrator (MCDBA); (10) Microsoft Certified Trainer (MCT); (11) Microsoft Certified Application Developer (MCAD); (12) Microsoft Certified Solution Developer (MCSD); (13) Microsoft Certified Business Management Solutions Specialist; (14) Microsoft Certified Business Management Solutions Professional; (15) Microsoft Office Specialist (Office Specialist); (16) Microsoft Certified Application Specialist (MCAS); (17) Microsoft Certified Application Professional (MCAP); and (18) Microsoft Certified Professional (MCP) (collectively, "Certification Programs").

14.   Microsoft protects its Certification Exams by requiring its certified professionals to agree to a Non-Disclosure Agreement.  Students who pass the necessary Certification Exams are eligible to designate themselves accordingly.  Before an individual may use such designation, he or she must agree to the Microsoft Certified Professional Program Agreement ("MCPPA"), which identifies the Certification Exams as Microsoft's trade secrets and prohibits, among other things, unauthorized disclosure or distribution of Certification Exam materials.

15.     Microsoft further acts to protect its Certification Exams by utilizing a secure procedure to register its copyrights in its various Certification Exams.  Microsoft's applications comply with the requirements of the Copyright Act (17 U.S.C. § 101, *et seq.*) and related regulations.

16.     The copyright in each of the exams was registered using the "secure" filing procedure with the United States Copyright Office in compliance with the Copyright Revision Act of 1976 (17 U.S.C. § 101, *et seq.*) and Copyright Office Regulations.  True and correct copies of the certificates of registration for selected Certification Exams confirmed by test purchases to have been infringed by Defendants are attached to this Complaint as Exhibits 3 through 6 and incorporated herein by reference.  See also Exhibit 7 (identifying numerous other Copyright Registration Numbers for Microsoft Certification Exams, most of which correspond to other products being sold by Defendants on pass4sure.com and, upon information and belief, are also infringing).

17.     Microsoft further protects its Certification Exams by utilizing technological measures such as password protection and "click through" licenses to effectively control access to the exams, granting access to the exams only to those individuals authorized by Microsoft.  These technological measures effectively protect Microsoft's exclusive right of reproduction and distribution of exams.

**Defendants' Unlawful Acts**

18.     Defendants' operate a web site at the Internet domain name "pass4sure.com." Through pass4sure.com, Defendants offer for sale so-called "practice exams" allegedly designed to prepare students to successfully pass Microsoft Certification

Exams.  The Defendants' allow their products to be purchased on-line and then downloaded to the purchaser's personal computer or related device.

19. Microsoft has evidence, is informed and believes, and on that basis alleges, that the Microsoft Certification Exam practice exams Defendants sell through pass4sure.com contain numerous exam questions and answers that are either identical or substantially similar to Microsoft's copyrighted exam questions and answers.  In fact, the Defendants, through pass4sure.com, represent that "You can get almost all the real questions from our exam pool [. . .] so just follow and master all the Q&As in our exams, then it's enough for you to pass the exam."  (See Ex. 8, attached hereto.)  Microsoft has not licensed or authorized defendants to copy or distribute its copyrighted exam content.

20. Indeed, Microsoft has conducted several test purchases of the "practice exams" offered on pass4sure.com, analyzed those materials, and determined that such materials are identical or substantially similar to Microsoft's copyrighted exam questions and answers.  Specifically, private investigators working for Microsoft made several test purchases from Defendant.  The purchased "training materials" were analyzed and the materials were found to be infringing, including the following examples:

a)  On or about May 13, 2008, an investigator received via direct download a "practice exam" identified by the Defendants as "MCSE Managing and Maintaining a Microsoft Windows Server 2003 Environment: 70-290 Exam", which the investigator had purchased from Defendants via www.pass4sure.com.  Microsoft examined this "practice exam" and determined that it was identical or substantially similar to Microsoft's "Exam 70-290: Managing and Maintaining a Microsoft Windows Server 2003 Environment."

      b)      Additionally, on or about May 13, 2008, an investigator received via direct download a "practice exam" identified by the Defendants as "Microsoft SQL Server 2005 Implementation & Maintenance: 70-431 Exam", which the investigator had purchased from Defendants via www.pass4sure.com.  Microsoft examined this "practice exam" and determined that it was identical or substantially similar to Microsoft's "Exam 70-431:TS: Microsoft SQL Server 2005 – Implementation and Maintenance."

      c)      On or about May 14, 2008, an investigator received via direct download a "practice exam" identified by the Defendants as "MCSE Planning, Deploying, and Managing and Enterprise Project Management Solution: 70-281 Exam", which the investigator had purchased from Defendants via www.pass4sure.com.  Microsoft examined this "practice exam" and determined that it was identical or substantially similar to Microsoft's "Exam 70-281: Planning, Deploying, and Managing an Enterprise Project Management Solution."

      d)      Additionally, on or about May 14, 2008, an investigator received via direct download a "practice exam" identified by the Defendants as "MCSE Installing, Configuring, and Administering Microsoft Windows XP Professional: 70-270 Exam", which the investigator had purchased from Defendants via www.pass4sure.com.  Microsoft examined this "practice exam" and determined that it was identical or substantially similar to Microsoft's "Exam 70-270: Installing, Configuring, and Administering Microsoft Windows XP Professional."

      21.      Obviously Defendants' customers who purchase Microsoft exam questions and answers are not required to pass through any of the technological measures that Microsoft uses to control access to and protect its rights in the exams.  Indeed, rather than

being provided access to this information in a controlled and secure testing environment, the Defendants allow their customers to download these materials to their personal computers, within the privacy and freedom of their own homes, and with no ability to restrict the future copying or use of those materials.

22.     Defendants have repeatedly acknowledged their misconduct and promised to cease and desist from same. Despite these promises, the Defendants have continued to sell the infringing materials through pass4sure.com.

23.     Based on the facts alleged herein, Defendants have committed, and are committing, flagrant acts of copyright infringement. These acts of infringement are willful, deliberate and committed with knowledge of Microsoft's registered copyrighted material.

**COUNT I – <u>Copyright Infringement</u>**

24.     Plaintiff realleges and reincorporates herein by reference the allegations set forth in Paragraphs 1 through 23 above as though fully set forth herein.

25.     Microsoft is the author, creator and owner of the right, title and interest in various copyrighted Certification Exams registered with the United States Copyright Office, including all of those at issue in this case.

26.     The Defendants willfully infringed Microsoft's copyrights by copying and distributing, without authorization or approval, Microsoft's Certification Exams and/or making other infringing use of the Certification Exams in the United States of America. A finding of willfulness is supported by the evidence, as well as the presumption afforded by 17 U.S.C. § 504, inasmuch as Defendants knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name

registry, or other domain name registration authority in registering, maintaining, or renewing pass4sure.com in connection with the infringement of copyrighted materials.

27. As a result of the foregoing activities, Defendants are liable to Microsoft for willful infringement under 17 U.S.C. § 501, et seq.

28. Microsoft has suffered, and will continue to suffer, substantial and irreparable damage to its business reputation and goodwill, as well as monetary losses in an amount not yet fully ascertained. In addition to Microsoft's actual damages, Microsoft is entitled, pursuant to 17 U.S.C. § 504, to receive the profits made by Defendants from their wrongful acts. In the alternative, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). These statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) due to Defendants' willful conduct.

29. Microsoft has no adequate remedy at law for Defendants' wrongful conduct in that: (1) Microsoft's copyrights are unique and valuable property that have no readily determinable market value; (2) the infringement by Defendants constitutes interference with Microsoft's goodwill and customer relations; and (3) Defendants' wrongful conduct and the damage resulting therefrom is continuing. Therefore, Microsoft is entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an Order under 17 U.S.C. § 503 that any infringing materials should be impounded and destroyed. In furtherance of such relief, the Court should Order, among other things, that the domain name / website from which the infringing materials are distributed (pass4sure.com) – be impounded or otherwise restricted from any and all transfers pending the resolution of this litigation.

30. Microsoft is also entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. § 505.

**COUNT TWO – <u>Constructive Trust Upon Illegal Profits</u>**

31.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive.

32.     Defendants' acts and conduct constitute deceptive, fraudulent, and wrongful conduct in the nature of passing off the infringing "training materials" as approved or authorized by Microsoft.

33.     By virtue of Defendants' wrongful acts and conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

34.     Microsoft is entitled pursuant to 17 U.S.C. § 504(b) to recover all profits of Defendants that are attributable to their acts of infringement or violations thereof.

35.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, and personal property (including motor vehicles) that can be located and traced.

36.     Defendants hold the money and profits they have illegally received as constructive trustee for the benefit of Microsoft.

**COUNT THREE - <u>Accounting</u>**

37.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36, inclusive.

38.     Microsoft is entitled, pursuant to 17 U.S.C. § 504(b), to recover all profits of Defendants that are attributable to their acts of infringement or violations thereof.

39.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the

precise number of units of infringing material offered for distribution and distributed by Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Microsoft respectfully requests judgment as follows:

1. That the Court enter judgment against Defendants that they have willfully infringed Microsoft's rights to the copyrighted Certification Exams identified in Exhibits 3 through 7 under 17 U.S.C. § 501, et seq.;

2. That the Court issue temporary, preliminary, and permanent injunctive relief against the Defendants and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants be enjoined and restrained from:

(a) Imitating, copying or making any other infringing use or infringing distribution of any Microsoft Certification Exams or variations thereof;

(b) Using reproductions, counterfeits, copies, or colorable imitations of Microsoft's copyrighted Certification Exams or variations thereof, and the distribution, offering for distribution, circulation, sale, offering for sale, advertising, importing, promoting or displaying of spurious products or merchandise not authorized or licensed by Microsoft;

(c) Utilizing or maintaining any website to store material that infringes on Microsoft's Certification Exams;

(d) Providing in any medium whatsoever Microsoft's Certification Exams without express authorization from Microsoft; and

(e) Assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (d) above.

3. That the Court enter an Order of impoundment and destruction pursuant to Section 17 U.S.C. § 503 and 28 U.S.C. § 1651(a), impounding all infringing copies of Microsoft Certification Exams, and any related item, including business records which are in Defendants' possession and under their control;

4. That the Court enter an Order pursuant to 17 U.S.C. § 503, 28 U.S.C. § 1651(a), and/or other appropriate authority, requiring that the domain name pass4sure.com be restricted from transfer, impounded, and transferred to Microsoft;

5. That the Court enter an Order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits gained from the distribution of infringing copies of Microsoft Certification Exams, and requiring Defendants to provide Microsoft with a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' infringing activities;

6. That the Court enter an Order instructing Defendants, jointly and severally, to pay Microsoft's general, special, actual and statutory damages as follows;

(a) Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b); or

(b) In the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2) for Defendants' willful infringement of Microsoft's copyrights.

7. That the Court Order Defendants to pay Microsoft both the cost of this action and reasonable attorneys' fees incurred by Microsoft in prosecuting this action; and

8. That the Court grant Microsoft such additional relief as is just and proper.

Dated this 28th day of July, 2008.

           THE PLAINTIFF
           MICROSOFT CORPORATION

      By: _____/s/_____
           Brian C. Roche  -   ct 17975
           Gerald C. Pia, Jr. – ct 21296
           Roche Pia, LLC
           Two Corporate Drive, Suite 234
           Shelton, CT 06484
           Phone: (203) 944-0235; Fax: (203) 225-1244
           E-mail: broche@rochepia.com
                   gpia@rochepia.com